UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS ANDREW CENSKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-02761-TWP-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ENTRY ALLOWING PLAINTIFF'S AMENDED COMPLAINT
AND DIRECTING DEFENDANT TO ANSWER**

In accordance with the pretrial schedule issued on April 10, 2020, dkt. [67], the plaintiff timely filed an amended complaint on May 29, 2020. Dkt. [74]. In his affidavit attached to the amended complaint, the plaintiff states that the only distinct changes in the amended complaint "[o]ther than clarifications," are "specific facts regarding the DIAPHRAMATIC HERNIA, caused when Federal Prison Staff contorted my body, stepped on, and I'm kicked the plaintiff Censke in the cell, in December 2013 at USP TERRE HAUTE." Dkt. 74-1, ¶ 5. The plaintiff seeks additional damages of $400,000.00 for a total claim of $1,275,000,00 for the hernia injury. *Id.*, ¶ 8.

The United States opposes the amended complaint on the basis that by statute, a plaintiff is not allowed to seek damages in an amount in excess of that presented in the tort claim, which in this case was $875,000.00. Dkt. 28-1.

The relevant statute provides:

[An] [a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

1

28 U.S.C.A. § 2675(b).

Therefore, unless the "increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or unless the plaintiff presents "proof of intervening facts, relating to the amount of the claim," *id.,* the plaintiff cannot increase the amount of his claim. "The plaintiff has the burden of showing that [his] case fits within one of these exceptions." *Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003). The defendant argues that the exceptions do not apply. Dkt. 78.

To explain the rationale for his amended complaint, the plaintiff alleges that, "Defendants had NOT provided information to plaintiff, upon filing administrative remedy or sufficient to calculate the SUM CERTAIN DAMAGE on the SF-95 form, in December 2015, nor any ability to consult with medical or legal RESOURCES, as held in SEGREGATION and then transferred to USP ATWATER;  such that this claim suffered subsequently, and an increase in damage award and specific inclusion of this physical injury, as totally undiagnosed for 2 years and absolutely untreated by defendants, is respectfully requested now." Dkt. 74-1 at ¶ 9. He alleges that the hernia injury was not known to him when he filed his tort claim. *Id.* at ¶ 6.

The tort claim was signed by the plaintiff on December 7, 2015. *Id.* The incident at issue allegedly occurred in December 2013. Medical records indicate that a CT scan revealing the hernia in his diaphragm was completed on December 4, 2015, three days before the tort claim notice was signed. Dkt. 14-1 at 12. The plaintiff has represented to this Court and to the Seventh Circuit Court of Appeals that the hernia was diagnosed just prior to his submitting his tort claim. *See* dkt. 14-1 at 12 (December 4, 2015, CT scan revealing '[H]ernia through the diaphragm…"); *Censke v. USA,* Case No. 18-2695, dkt. 5 at 7 (Plaintiff's pro se Memorandum, stating, "The HERNIATED

DIAPHRAM [sic], resulting from defendants kicking abdomen, and torture; lift legs, kicking groin, extending and stepping on head and body while lifting legs was <u>concealed</u> by inadequate medical treatment at the time of Battery in USP Terre Haute, <u>UNKOWN</u> [sic] until MRI performed at USP McCreary in December 2015, just prior to filing claims.").

Therefore, the record reflects that the plaintiff learned about the hernia a matter of hours or a few days before he submitted his tort claim. The plaintiff argues that because he was denied proper medical treatment, he lacked sufficient evidence at the time he filed his tort claim to properly access the amount of damages he should claim.  At this pleading stage of the case on remand, it is premature for the Court to attempt to determine whether the plaintiff has or will have "newly discovered evidence not reasonably discoverable at the time of presenting the claim" or "proof of intervening facts, relating to the amount of the claim." 28 U.S.C.A. § 2675(b).

For the present, the amended complaint filed on May 29, 2020, dkt. 74, is the **operative pleading.** *See Zurba,* 318 F.3d at 738 (district court deferred until the conclusion of trial ruling on whether plaintiff's recovery was limited to amount sought in administrative claim).  The defendant shall have **through August 24, 2020,** in which to answer or otherwise respond to the amended complaint. This ruling does not preclude the United States from raising this issue again in the future.

**IT IS SO ORDERED.**

Date:  8/4/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS ANDREW CENSKE
PO BOX 446
Negaunee, MI 49866

All electronically registered counsel