UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THOMAS ANDREW CENSKE,   )
             )
     Plaintiff,   )
             )
       v.     )  No. 1:16-cv-02761-TWP-MJD
             )
UNITED STATES OF AMERICA,   )
             )
     Defendant.   )

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This matter is before the Court on plaintiff Thomas Censke's motion to reconsider partial summary judgment on his medical negligence claim against the United States. Mr. Censke has not shown that the Court's order arose from a manifest error of law or fact, and the motion to reconsider is therefore **DENIED**.

## I.  LEGAL STANDARD

Motions to reconsider a summary judgment ruling are brought under Federal Rule of Civil Procedure 54(b), which permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W.D.Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

## II.  **BACKGROUND**

Mr. Censke is suing the United States under the Federal Tort Claims Act for battery and medical negligence. (Dkt. 1). He alleges that in December 2013, he was battered by correctional officers, held in an isolation cell, and placed in painful black-box wrist restraints at the Federal Correctional Complex in Terre Haute ("FCC Terre Haute"). (Dkt. 100-1 at 67-97). The restraints allegedly caused pain, abrasions, swelling, and numbness. (Dkts. 100-7 to 100-17). The medical staff checked on Mr. Censke at regular intervals, changed the dressings on his wrists, and cleansed his wounds. *Id.* The medical staff also checked his vital signs and periodically directed the correctional staff to loosen his restraints. *Id.*

In the winter and spring of 2014, the medical staff at FCC Terre Haute continued to treat Mr. Censke and had appointments with him in response to his complaints of headaches, flashes of light, dizziness, poor hearing, and other medical concerns. (Dkts. 100-18 to 100-22). In 2015, the medical staff responded to Mr. Censke's complaints of discomfort and tingling in his hands and fingertips, ordered diagnostic testing, and diagnosed him with carpal tunnel syndrome. (Dkts. 100-23 to 100-24).

Mr. Censke continued to receive medical care at other federal prisons. (Dkts. 100-25 to 100-28). He was treated for head trauma, neck pain, wrist and forearm pain, and a hernia. *Id.*

The United States' filed a motion for partial summary judgment on Mr. Censke's medical negligence claim. (Dkt. 118). In support of the motion for partial summary judgment, the United States introduced expert medical evidence from Dr. John Baldea, who opined that Mr. Censke's medical care had been "appropriate, timely, and in accordance with the standard of care." (Dkt. 100-29). Mr. Censke did not submit expert medical evidence in opposition to the motion for partial summary judgment.

The Court identified the applicable legal standards from the Federal Tort Claims Act and Indiana tort law. *Id.* at 6-7. To prevail on a claim of medical negligence under Indiana tort law, expert testimony is necessary to establish whether the medical professional has or has not breached their duty of care "except in those cases where deviation from the standard of care is matter commonly known by lay persons." *Id.* at 7 (citing *Culbertson v. Mernitz*, 602 N.E.2d 98, 103-04 (Ind. 1992); *Glock v. Kennedy*, 133 N.E.3d 768, 778 (Ind. Ct. App. 2019). Based on this well-established principle, the Court reasoned that Mr. Censke's failure to submit expert medical evidence was fatal to his medical negligence claim. (Dkt. 118 at 8-9). The Court distinguished this case from medical negligence cases where the breach of the standard of care was obvious and expert medical testimony was not required, such as cases where a medical device is left inside the patient after surgery, and granted partial summary judgment for the United States on Mr. Censke's medical negligence claim. *See id.* at 7 (citing *Simms v. Schweikher*, 651 N.E.2d 348, 350 (Ind. Ct. App. 1995).

### III. <u>DISCUSSION</u>

In his motion to reconsider, Mr. Censke argues that the Court made a manifest error of fact when it noted that five days after the alleged battery, "Nurse Booth observed a faded bruise to Mr. Censke's right temple, but there were no wounds or bruising elsewhere on the body." *See* (Dkt. 119 at 2 citing dkt. 118 at 4). The Court made this factual finding in reliance on Mr. Censke's December 23, 2013, medical record. *See* dkt. 100-17. Mr. Censke argues that this was a material error, but he does not direct the Court to contrary evidence in the record.

Mr. Censke makes a number of other arguments in his motion to reconsider, each of which circles back to an argument he made in opposition to the motion for partial summary judgment— that the Court should excuse his failure to submit expert medical evidence and find that the breach of the standard of care obvious, even to a lay person.

As the Court stated in the order granting partial summary judgment, the treatment Mr. Censke received from medical professionals employed by the Bureau of Prisons was not so far afield of accepted medical practice that his treatment obviously breached the standard of care. The cases where expert medical evidence is unnecessary, such as cases where medical professionals left surgical equipment inside a patient's body after surgery, are easily distinguishable. The evidence shows that the medical staff had regularly visits with Mr. Censke shortly after the alleged battery and continued to treat him through his confinement at the Bureau of Prisons. Further, the United States has submitted expert medical evidence opining that Mr. Censke's medical treatment was appropriate and within the standard of care. (Dkt. 100-29). Under these circumstances, a lay person could not reasonably conclude that the medical staff breached the standard of care, and the motion to reconsider is **DENIED**.

## IV.  **CONCLUSION**

Mr. Censke has not met his burden of showing that the Order granting partial summary judgment was based on a manifest error of law or fact, and his motion to reconsider, dkt. [119], is **DENIED**.

**IT IS SO ORDERED**.

Date:  7/5/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

J. Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
TKirklin@usa.doj.gov

Harmony A. Mappes
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
harmony.mappes@faegredrinker.com

Emanuel McMiller
Faegre Drinker Biddle & Reath LLP
manny.mcmiller@faegredrinker.com

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
jason.rauch@faegredrinker.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov