UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS ANDREW CENSKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02761-TWP-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

This matter is before the Court on Defendant, the United States of America's ("Government") Motion *In Limine*, (Dkt. 146). Plaintiff Thomas Censke ("Censke"), a former federal prisoner, initiated this lawsuit against the Government under the Federal Torts Claims Act ("FTCA"). Censke presents three battery claims related to an incident during his incarceration at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). Resolution of these claims will be determined at the bench trial set in this matter on January 30, 2023. The Government seeks to prevent certain evidence from being presented at the bench trial. For the following reasons, the Government's Motion *in Limine*, (Dkt. 146), is **granted in part and denied in part.**

### I. APPLICABLE LAW

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, orders *in limine* are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A

trial judge does not bind herself by ruling on a motion *in limine* and "may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in limine only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. Furthermore, the Court notes that because the case is proceeding by a bench trial, many of the parties' arguments regarding potential for confusion or undue prejudice are mooted. *See United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

## II. BACKGROUND

On December 16, 2013, Censke was involved in a physical altercation with correctional officers at the FCC Terre Haute. The incident occurred in Censke's cell during evening count procedures. During the incident, Censke was exposed to a chemical agent and was extracted from his cell. Censke alleges the correctional officers gathered outside his cell and threatened to hurt him even though he was complying with orders to be restrained, and then, once he was in handcuffs, the officers continued to beat him, punching and kicking him and twisting his arm. *See*

*generally* Dkt. 120 (order granting in part and denying in part plaintiff's cross motion for summary judgment as to battery).

After the incident, Censke was housed in segregation for three days where he was put in shackles and black-box wrist restraints that continued to tighten in response to the pressure from his wrists. *Id.* The handcuffs cut into Censke's wrists causing him pain and discomfort, and his wrists needed medical treatment in the form of dressings and cleaning by medical staff on multiple occasions. *Id.*

On summary judgment and pursuant to the FTCA and Indiana state tort law--which applies to claims under the FTCA--the Court analyzed Censke's three battery claims related to the December 16, 2013, incident. *Id.* at 6-10. The Court determined that Censke's battery claims arising from the use of chemical spray and his removal from his cell shall proceed to a bench trial, and the Court will determine liability and potential damages. *Id.* at 11-12. Censke's battery claim arising from the use of shackles and black-box wrist restraints also proceeds to a bench trial, and the Court will determine only the award of damages. *Id.*

### III.  ANALYSIS

The Government seeks to preclude Censke from referring to or presenting five (5) categories of evidence. The Court addresses each category, in turn.

**1.      Evidence or Argument Regarding Prior Conduct or Other Allegations**

The Government "anticipates that at trial Censke intends to question [Bureau of Prisons] employees about records of prior arrests or convictions, employment reprimands or discipline, complaints leveled against them by other inmates, and/or prior lawsuits by other inmates involving them." (Dkt. 147 at 2.) The Government argues that such questioning would elicit only "bad act"

evidence, which is inadmissible, and seeks an order in limine precluding such questioning at trial. *Id.* at 2-3 (citing Fed. R. Evid. 404(a)(1) and 404(b)).

Censke has no objection, but he reserves the right to offer relevant evidence in this category if the Government opens the door to it.  (Dkt. 156 at 2.) Accordingly, the Government's Motion is **granted to the extent** that Censke is precluded from engaging in this line of questioning of the alleged tortfeasors or any other Bureau of Prisons witnesses.

**2.      Declarations, Affidavits, or Other Written Statements by Persons Not Appearing**

The Government argues that any declarations, affidavits, or other written statements from individuals not appearing as witnesses should be excluded because they are inadmissible hearsay. (Dkt. 147 at 3 (citing Fed. R. Evid. 801(c) and 802).)  Further, if admitted, such evidence would be prejudiced because it would not have the opportunity to cross-examine those non-witnesses. *Id.*

Censke objects to the extent that he would be precluded from presenting a declaration or affidavit by an employee or agent of the Government, and to the extent he would be precluded from presenting evidence otherwise admissible under Federal Rules of Evidence 801 or 703.[1] (Dkt. 156 at 3.)  He argues that such preclusion would result in exclusion of highly relevant evidence, for example, an affidavit from another former inmate in the neighboring cell during the December 16, 2013 incident, which may be admissible for a non-hearsay purpose under Rule 801

---

[1] *See* Fed. R. Evid. 801(d) which defines statements that are not hearsay, for example, when a "statement is offered against an opposing party and: (D) was made by the party's agent or employee within the scope of that relationship and while it existed[.]" Fed. R. Civ. P. 801(d)(2)(D).

*See* Fed. R. Evid. 703. Bases of an Expert: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

and/or as facts considered (or not considered) by an expert under Rule 703. *Id.* (referencing Jeffrey Malone's Affidavit at Dkt. 115-1).

At this time, it is unclear to the Court what declarations, affidavits, or other written statements by non-witnesses may be proffered, and the Government's blanket request to preclude all such evidence is too broad to allow the Court to rule on the admissibility of such evidence. Accordingly, the Government's Motion *in Limine*, (Dkt. 146), is **granted to the limited extent** that at the trial the Court will adhere to the Federal Rules of Evidence, the hearsay rules and applicable exceptions. **It is denied as to any other relief sought**. Should Censke seek to present evidence in this category at the trial, the Government may raise contemporaneous objections at that time.

**3.      Evidence Regarding Censke's Allegations of Medical Negligence**

The Government argues because it was granted summary judgment on Censke's allegations of medical negligence related to his alleged injuries in December 2013, any testimony about deficient medical care during this time "would have no bearing on any of the remaining issues in this case," and thus, are irrelevant. (Dkt. 147 at 4.) Further, such evidence would lead to confusion of the issues, undue delay, and a waste of time, and could be excluded for these independent reasons. *Id.* (citing Fed. R. Evid. 403).

Censke has no objection but reserves his right to offer relevant evidence in this category if the Government opens the door to it. (Dkt. 156 at 3.) Accordingly, the Government's Motion is **granted to the extent** that Censke is precluded from introducing any evidence or argument relating to his dismissed medical negligence claim.

5

4.  **Opinion Evidence from Lay Witnesses and Unfounded Evidence as to Lasting Effects**

The Government seeks "an order prohibiting Censke from presenting evidence or argument regarding the causation or continuing effects of his alleged injuries." (Dkt. 147 at 5.) The Government points out that Censke did not disclose any expert witnesses in this case, and argues that he is therefore precluded from presenting expert testimony at trial, as he has no medical training or expertise to testify to medical causation. *Id.* at 4-5 (citing Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 701).

In response, Censke agrees he "will adhere to Rule 701" and will not testify to "any complex medical diagnoses or opine on long term medical conditions," but objects to the extent that he can "testify as to his mental and physical pain and his functioning both before and after the incident." (Dkt. 156 at 4-5) (quoting *Christmas v. City of Chi.*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010), where motion *in limine* was denied as overly broad such that permissible lay opinion testimony under 701 would be excluded).

Censke's objection is well taken. He may "testify about his personal knowledge of his own medical conditions and any physical symptoms he experiences. . . . Moreover, [he] can testify to his own opinions that are based on his personal experience and perceptions. . . . [He] need not seek permission before offering this testimony." *See, e.g., Cherrone v. Carter*, 2020 WL 12752818, at *4 (S.D. Ind. Aug. 17, 2020) (citing Fed. R. Evid. 602 and 701). The Government may object at trial to specific testimony if it is based on scientific, technical, or specialized knowledge. *Id.*; *see also* Fed. R. Evid. 702.

Accordingly, the Government's Motion is **granted in part** such that Censke cannot present expert testimony and must adhere to Federal Rule of Evidence 701 as a lay witness. The

Government's Motion is **denied in part** as it relates to the scope of testimony Censke is permitted to testify to without permission, described above.

### 5. Calculated Use of Force Techniques

The Government anticipates that at trial Censke will argue that "instead of employing immediate force, the Bureau of Prisons should have treated [the December 16, 2013 incident] as a situation that could have been resolved through 'Calculated Use of Force (CUOF) techniques." (Dkt. 147 at 6) (citing 28 C.F.R. § 552.21(b); Program Statement 5566.05[5][b])). The Government argues that the Court is barred from "second guessing" the Bureau of Prisons' discretionary decision to use immediate force "because the FTCA does not waive sovereign immunity over negligence arising from the discretionary acts of BOP federal employees." *Id.* (citing 28 U.S.C. § 2680(a)). The Government states that the Program Statement provides that staff may use immediate force when appropriate, and that while "[c]alculated rather than immediate use of force is desirable in all instances corrections works encounter," it "is not always possible[.]" *Id.* at 7 (quoting Program Statement 5566.06[5][b][1]. In sum, the Government argues that the Court should exclude this category of evidence to avoid confusion of the issues, undue delay, and wasting time, and that argument that the Bureau of Prisons erred in using immediate force during the incident implicates discretion and is outside the jurisdiction of the Court under the FTCA. *Id.* at 7-8.

Censke objects, stating that the "actual evidence (versus) argument that Defendants seeks to preclude is unclear," and the Court should deny the Government's motion on this basis alone. (Dkt. 156 at 5-6.)[2] Mr. Cenkse objects to being precluded from presenting facts about the officers'

---

[2] Mr. Censke additionally argues that the Bureau of Prisons' policy does not discuss "Calculated Use of Force techniques," but instead, outlines procedures where inmates can be isolated to an area and where no immediate, direct threat exists. (Dkt. 156 at 5-6.)

actions during the incident, their failure to adhere to policy, the extraction procedures and regulations, discrepancies between written procedures and the officers' actual conduct during the incident, and the officers' basis for employing immediate force. *Id.* at 6.  Further, Mr. Cenkse argues this evidence does not implicate sovereign immunity concerns because his claims relate to "being beaten unnecessarily by correctional workers—whether or not they employed certain (unspecified) techniques." *Id.*

Censke's objection is well taken.  At this time, it is unclear to the Court the extent or content and scope of the evidence or argument that would be proffered related to use of force techniques, and the Government's blanket request to preclude all such evidence is too broad to allow the Court to rule *in limine* on the admissibility of such evidence, until any proffered evidence can be considered in context at trial.  The Government may raise contemporaneous objections at that time.

Accordingly, the Government's Motion is **denied** as it relates to this category of evidence.

## IV. CONCLUSION

The Government's Motion *in Limine*, Dkt. [146], **is GRANTED in part and DENIED in part** as outlined in Section III above.  As with all orders *in limine*, this Order is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41.  No party shall reference or attempt to elicit evidence that has been provisionally excluded by this Order without first seeking permission from the Court.  Each party **shall ensure** its witnesses' compliance with this Order.

**SO ORDERED.**

Date:  12/30/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas Andrew Censke
PO BOX 446
Negaunee, Michigan  49866

Elizabeth Anne Charles
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
elizabeth.charles@faegredrinker.com

J. Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
TKirklin@usa.doj.gov

Harmony A. Mappes
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
harmony.mappes@faegredrinker.com

Emanuel McMiller
Faegre Drinker Biddle & Reath LLP
manny.mcmiller@faegredrinker.com

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Jason Rauch
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
jason.rauch@faegredrinker.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov